UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PACIFIC AEROSPACE & ELECTRONICS, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>SRI HERMETICS, INC.,<br><br>     Defendant. | NO.  CV-05-0155-AAM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

**BEFORE THE COURT** is the plaintiff's Motion For Reconsideration (Ct. Rec. 27). This motion is heard without oral argument.

## I. BACKGROUND

This is a patent infringement action brought by plaintiff Pacific Aerospace & Electronics, Inc. ("PA & E") against defendant SRI Hermetics, Inc. ("SRIH"). The complaint, filed May 25, 2005[1], alleged this court had personal jurisdiction over the defendant "because SRI Hermetics had an office in this district and conducted business here, including the design of products sold and/or offered for sale that are covered by patents owned by PA & E." This office was located in East Wenatchee, Washington from December 2003 to June 2004 and employed there by defendant during that time were Ed Taylor and Jim Petri. Taylor and Petri worked

---

[1] The court's November 4, 2005 "Order Granting Motion To Dismiss" inadvertently stated the complaint was filed "March 25, 2005."

**ORDER DENYING**
**MOTION FOR RECONSIDERATION-**   1

1  for PA & E before they started working for SRIH.  In June 2004, defendant closed
2  the East Wenatchee office and moved all of its equipment to its Melbourne, Florida
3  headquarters.  Taylor and Petri also moved to Florida.[2]

In April 2005, PA & E learned about SRIH's response to a Request for Quotation (RFQ) from Northrup Grumman.  (Ex. F to Das Declaration).  After SRIH refused to provide PA & E with a copy of the response (Ex. G to Das Declaration), PA & E filed its patent infringement action on May 25, 2005, alleging SRIH had offered to sell to Northrup Grumman products that were covered by one or more of plaintiff's patents.

On November 4, 2005, this court entered an order granting defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction. (Ct. Rec. 26).  This court concluded that neither general or specific personal jurisdiction existed.

With regard to general jurisdiction, the court stated in the order at p. 9:

> It appears to the court that the only conceivable support for general jurisdiction would be the claim that the work on the RFQ for Northrup Grumman Corp. must have been conducted, or completed while the two former employees (Taylor and Petri) were located in Wenatchee, based on their representations to the court in the earlier litigation, and because the two former employees had access to information that would allow them to create an infringing product.  This argument, however, is not supported by the evidence.

With regard to specific jurisdiction, this court stated at pp. 14-15:

> There is no evidence that the Defendant's response to Northrup Grumman Corporations's request for quotation, which is the alleged infringing conduct, was generated from the Washington office.  Also, there is no evidence that Defendant has sold any products, let alone infringing

---

[2] There is no dispute that in March 2004, Taylor and Petri were still in East Wenatchee.  This was known by everyone, including the court, when the order of dismissal was entered.

**ORDER DENYING**
**MOTION FOR RECONSIDERATION-**    2

products, to anyone in Washington. There is no evidence that the projects that Taylor and Petri worked on in Wenatchee ever resulted in a salable product, other than Defendant's representations at the prior proceeding that there was information regarding products whose patents were pending, or at least were almost pending. Plaintiff has not met its burden of showing that the alleged infringing sales or offers to sell arose out of or relate to Defendant's activities in Washington. Hence, it cannot be said that Plaintiff's cause of action arose out of the transaction of any business within the State of Washington, the commission of a tortious act within this state, and/or the ownership, use, or possession of any property situated in this state.

On November 7, 2005, just a few days after this court's order of dismissal, SRIH filed a lawsuit against PA & E in the Middle District of Florida seeking a declaration that it has not infringed any of PA & E's patents.

On November 17, 2005, plaintiff filed this motion for reconsideration, noting it for hearing without oral argument on December 19.

On December 2, plaintiff filed a Notice of Appeal with the Federal Circuit Court of Appeals, appealing this court's order of dismissal.

## II. DISCUSSION

It appears this motion for reconsideration is brought pursuant to Fed. R. Civ. P. 59(e). There are four basic grounds upon which such a motion can be granted. One of those grounds is "newly discovered" evidence. The motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. A Rule 59(e) motion may not be used to present evidence that could have been presented prior to the entry of judgment. Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d §2810.1 at pp. 125-28 (2nd Ed. 1995).

Plaintiff seeks reconsideration on the basis of a September 2, 2005 letter it received from defendant SRIH. (Ex. A to Bodine Declaration). This letter informed plaintiff that SRIH had received a patent for its own technology (the '644

**ORDER DENYING**
**MOTION FOR RECONSIDERATION-**    3

patent) and asked plaintiff to review it to "confirm . . . there is no claim of infringement." Attached to the letter was a copy of the patent listing the inventor as "Edward Allen Taylor, E. Wenatchee, WA (US)" and the "Assignees" as "SRI Hermetics, Inc., Melbourne, FL (US); Edward Taylor, W. Melbourne, FL (US)." The patent is dated August 23, 2005. It appears that subsequent to September 2, 2005, plaintiff's counsel obtained from the U.S. Patent and Trademark Office a copy of the prosecution history for SRIH's '644 patent. (Ex. B to Bodine Declaration). That history revealed the patent application had been filed March 31, 2004. Included in the prosecution history is a "Declaration And Power Of Attorney For Patent Application" executed by Taylor as the "Inventor" and identifying his residence as "2006 E. Crystal Court, E. Wenatchee, WA 98802." (*Id*. at p. 86). Taylor executed this document on March 31, 2004, in conjunction with the patent application. A filing receipt listed "Edward Allen Taylor, E. Wenatchee, WA" as the applicant. (*Id*. at p. 47). Also included in the prosecution history is a "Notice Of Allowance And Fees Due" containing a notation that it was mailed to SRI's Florida counsel on March 16, 2005. This notice advised that a patent would be issued. (*Id*. at 16).

Plaintiff contends this evidence indicates that SRIH's technology, at issue in this case, was "developed and reduced to practice by Taylor in SRIH's East Wenatchee office." In turn, says plaintiff, this establishes that the alleged infringing activities of SRIH are related to its activities in Washington and consequently, the court should reconsider and find that it has personal jurisdiction over SRIH. Plaintiff asserts this qualifies as "newly discovered" evidence because it did not receive the September 2, 2005 letter until after it had already filed its response to SRIH's motion to dismiss on August 24, 2005.

SRIH contends the September 2, 2005 letter does not qualify as "newly

**ORDER DENYING**
**MOTION FOR RECONSIDERATION-**     4

discovered" evidence because plaintiff was in possession of it two months before this court issued the order dismissing the complaint on November 4, 2005. Plaintiff's response is that the evidence is "newly discovered" because at least the March 16, 2005 "Notice of Allowance And Fees Due" existed at the time SRIH filed its motion to dismiss (on July 5, 2005), and because SRIH did not disclose the evidence to plaintiff until "all allowed briefing on SRIH's motion was completed." Plaintiff asserts that "[b]ecause this court's local rules do not provide a mechanism for parties to submit evidence after the reply memorandum is submitted, and because SRIH did not disclose the '644 patent or its importance to the dispute until after it . . . filed its reply [on August 30, 2005], the only avenue open to PAE for bringing this evidence before the Court was through a motion for reconsideration."

Clearly, the information about the '644 patent was not "unavailable" to the plaintiff at the time this court entered the order of dismissal. The plaintiff knew of the patent for two months prior to the dismissal. Nevertheless, plaintiff argues there was no mechanism for it to present the evidence to the court prior to the entry of the order of dismissal. Although it is true the court's local rules speak only in terms of an opening memorandum, a response memorandum, and a reply memorandum (LR 7.1), that did not preclude the plaintiff from filing a motion for leave to file a sur-reply and/or a motion to supplement the record so that prior to the issuance of the order of dismissal, the court could have potentially considered the '644 patent and its impact upon the jurisdictional analysis. Other courts have reached that very conclusion in denying motions for reconsideration seeking to introduce "newly discovered" evidence. *See Waltman v. International Paper Co.*, 875 F.2d 468, 473-74 (5th Cir. 1989) and *Paul Prieto v. Storer Communications, Inc.*, 152 F.R.D. 654, 655 (M.D. Fla. 1994). These kind of motions are filed with some regularity and were a realistic option in this case considering plaintiff

**ORDER DENYING
MOTION FOR RECONSIDERATION-**    5

1  received the September 2, 2005 letter just a few days after briefing had been
2  completed and it was reasonable to expect there would be some delay before a
3  ruling would be received from the court.  Indeed, it was two months before there
4  was a ruling.

5       The information about the '644 patent is not "newly discovered" or
6  "previously unavailable" evidence.  It could have been presented prior to the entry
7  of the order of dismissal.  Plaintiff's failure to make a much earlier attempt to bring
8  this evidence to the court's attention has resulted in not only the issuance of the
9  order of dismissal, but plaintiff's filing of an appeal in this case, and SRIH's filing
10 of a separate and new action in the Middle District of Florida seeking a declaration
11 of non-infringement.  This is time, money and energy expended which could have
12 potentially been averted.  Judicial efficiency warrants denial of the motion for
13 reconsideration.

### III. CONCLUSION

     Plaintiff's Motion For Reconsideration (Ct. Rec. 27) is **DENIED**.  Plaintiff will have to litigate this matter in the Middle District of Florida if it does not succeed on its appeal to the Federal Circuit.

     **IT IS SO ORDERED**.  The District Executive is directed to enter this order, forward copies to counsel, and close this file.

     **DATED** this  9th  of January, 2006.

       s/ Alan A. McDonald
       ALAN A. McDONALD
       Senior United States District Judge

**ORDER DENYING
MOTION FOR RECONSIDERATION-**    6